# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4176 | **DATE** | 7/13/2010 |
| **CASE TITLE** | Shaun Brame (#2007-0037972) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $2.01 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summonses for Defendants Dart, Godinez, Mueller, Aramark and Thomas. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for the appointment of counsel [#4] is denied.

*Suzanne B. Conlon*

■ [For further details see text below.]                                     Docketing to mail notices.

## STATEMENT

Plaintiff, Shaun Brame, a Cook County Jail inmate, has filed a 42 U.S.C. § 1983 complaint against Cook County Sheriff Tom Dart, Cook County Department of Corrections Executive Director Salvador Godinez, Tiara Thomas, the Administrator of Program Services at the Cook County Jail, John Mueller, the Assistant Administrator of Program Services at the Cook County Jail, and Aramark Food Services. Plaintiff asserts that because of decisions made by the administrators relating to budget cuts, he has been denied Kosher meals at the jail, forcing him to eat foods that are not in keeping with his religious beliefs.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.01. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

|  | AWL |
|---|---|

Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against Defendants under the Civil Rights Act, 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000(cc), such that they must respond to the complaint. *See Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008); *see also Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009).

The Clerk shall issue summons for service of the complaint on Tom Dart, Salvador Godinez, Tiara Thomas, John Mueller, and Aramark Food Services (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The Court denies without prejudice Plaintiff's motion for the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel, but, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, Plaintiff has not demonstrated that he "has made reasonable efforts to retain counsel and was unsuccessful or that [he] was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d at 656. Nor does this case, at this stage of the proceeding, involve complex issues, complex discovery, or an evidentiary hearing, and Plaintiff's complaint demonstrates his competence, at least at this stage, to present his claim adequately. Plaintiff's request for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Suzanne B. Conlon